# N. Y. SUPERIOR COURT.

## ISRAEL W. MOSES agt. THE WATERBURY BUTTON COMPANY.

Under section 241 of the Code, it is the duty of the sheriff to retain possession of the property *attached*, notwithstanding the *ex parte* approval of the undertaking by the court or officer on granting the order for the discharge of the attachment, until all objections to the sureties on plaintiff's part are either waived or the undertaking be reapproved on justification of the sureties; and any positive direction to the contrary which may be incorporated into the order of discharge, is erroneous.

The verbal consent of the attorney for the plaintiff to the entry of the usual order for the discharge of the attachment, cannot, therefore, be construed into a waiver of the plaintiff's right to except to the sufficiency of the sureties or to their justification.

*At Special Term, December,* 1873.

MOTION to modify order for the discharge of attachment.

FREEDMAN, *J.*—Under sections 240 and 241 of the Code, as they stood prior to 1869, a defendant after appearance in the action, could apply *ex parte* for the discharge of the attachment. Upon such application he was bound to deliver to the court or officer who had issued the attachment, the undertaking required by section 241, and upon compliance with this provision and the approval of the undertaking by such court or officer, an order was made discharging the attachment. It thereupon became the duty of the sheriff without express directions contained in the order to that effect, to deliver or pay to the defendant or his agent, all the proceeds of sales and moneys collected by him under the attachment and all the property attached remaining in his hands. The plaintiff was not entitled, as matter of right, to notice of any of these proceedings.

By an amendment of section 241 passed in 1869, it was, however, provided as follows:

" And the plaintiff may, within three days after receiving written notice of the filing of such undertaking, give notice to the sheriff that he excepts to the sufficiency of the sureties. If he fails to do so, he shall be deemed to have waived all objection to them. When the plaintiff excepts, the sureties shall justify on notice in like manner as upon bail on arrest. And the sheriff shall be responsible for the sufficiency of the sureties, and may retain possession of the property attached, and the proceeds thereof in his hands, until the objection to them is either waived, as above provided, or until they shall justify, or new sureties shall be substituted and justify."

Under this provision it is the duty of the sheriff to retain possession of the property attached notwithstanding the *ex parte* approval of the undertaking by the court or officer on granting the order for the discharge of the attachment, until all objections to the sureties on plaintiff's part are either waived or the undertaking be reapproved on justification of the sureties; and any positive direction to the contrary which may be incorporated into the order of discharge, is erroneous. The provision referred to secures to the plaintiff a substantial right, of which he cannot be deprived. The verbal consent of the attorney for the plaintiff to the entry of the usual order for the discharge of the attachment in this case cannot, therefore, be construed into a waiver of plaintiff's right to except to the sufficiency of the sureties or to their justification.

The order of December twenty-fourth must be modified by striking out the words "and that all the property attached thereunder by the sheriff of the city and county of New York, remaining in his hands be delivered to the defendants or their agents, and be released from said attachment."

In the case of *Bullard* agt. *Pearsall*, on question of costs, reported *ante, page* 383, the defendant carried the question to the court of appeals, and it was argued and affirmed April 7th, 1874.

# EXPLANATION.

We have had in our possession for several years past, certified copies of old opinions of the court of appeals, which, on examination, were found not to be reported in that court, and, from their brevity, &c., it was supposed were not intended to be; and occasionally we have published one, for the sake of variety or to fill out a number of our reports, knowing that good law is never the worse for being old. But, unfortunately, the case of *Wait* agt. *Green* (*ante, page* 449) has not only been reported in the court of appeals (36 *N. Y. R.*, 556), but it is not good law. Judge Bockes, in calling our attention to the subject, says, " and which opinion then (1867) received the concurrence of all the members of the court. But the principle of this case was afterwards very carefully reconsidered in the court of appeals (40 *N. Y.*, 314), and disapproved. Therefore, *Wait* agt. *Green* is not now authority. Still, although condemned and overruled in fact, it was reported, perhaps inadvertently, in 1872, in 62 *Barb.*, 241. The heresy of that case should not be perpetuated." In that view we concur entirely, and regret very much its appearance in the present volume.—Rep.