Freedman, J.
In Moses v. Waterbury Button Co. (46 How. Pr. 528), I discussed the practice on defendant’s ex parte application for the discharge of the attachment pursuant to the provisions of sections 240 and 241 of the Code, as it then stood, and pointed out the form of the order to be entered thereon.
These provisions have, to some extent, been changed by the new Code of Civil Procedure.
The defendant may now apply for an order to discharge the attachment, as to the whole or a part of the property attached (§ 687).
Upon such application he must give an undertaking in a sum equal to the amount of the plaintiff’s claim, or the appraised value of the property attached, instead of double the amount of either, and if the application is only as to a part of the property attached, an undertaking in a sum representing the appraised value of such -part is sufficient (§ 688).
The undertaking must be forthwith filed with the clerk, and a copy thereof, with a notice of the filing, *11 served upon the plaintiff’s attorney, who, within three days thereafter, must give notice to the sheriff that he excepts to the sufficiency of the sureties, and in default thereof, is deemed to have waived all objection. In case of exception, the sureties must justify (§ 690).
In the mean time, the sheriff is responsible for the sufficiency of the sureties, and may retain possession of the property attached and the proceeds thereof (§ 691).
After justification and approval of the sureties, or after waiver of all objections by failure to except, the sheriff must, except in a case where it is otherwise specially prescribed by law, deliver over to the defendant, or to the person entitled thereto, upon reasonable demand, and upon payment of all costs, charges and expenses legally chargeable by the sheriff, all the attached personal property remaining in his hands, or that portion thereof, as to which the attachment is discharged, or the proceeds thereof, if it has been sold by him (§ 709).
Further provision is made by section 710, to restore the defendant fully to his former condition.
In view of these changes, it may be expedient to state in the order for the discharge of the attachment, whether the discharge applies to the whole of the property attached, or to part only ; and if so, to what part. ■ But, as a general rule, it is even less necessary now than it was before the new Code, to insert directions as to the manner of the redelivery, and unless such directions are called for by special circumstances, it is best, it seems to me, to omit them. The language of the statute is the best guide.
No reason having been shown why the order for the discharge of the attachment herein should contain special directions, it should be modified so as to make the concluding portion thereof read as follows:
“ Ordered, that the attachment granted on the 28th *12 day of September, 1877, by the Hon. H. C. Van Vorst, one of the judges of this court, against the property of the above named defendant William L. Scott, be and the same is hereby discharged as to the whole of said property, and that the sheriff deliver the property so attached and remaining in his hands, as required by law.”